# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 96-30321
(Summary Calendar)

CAROL WASHINGTON, Ind., and on behalf of the class
she represents.  5639 Bennington Ave., Baton Rouge,
Louisiana 70808,

                                        Plaintiff-Appellant,

                        versus

LOUISIANA LOTTERY
CORPORATION, ET AL.,

                                        Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
(93-CV-1124)

October 21, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges:

PER CURIAM:[*]

     This is an appeal by Plaintiff-Appellant Carol Washington from
the district court's order granting summary judgment against her on
employment discrimination claims brought under 42 U.S.C.
§§ 1981(a), 1983, 1985(3), and 2000e (Title VII).  As Washington

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

failed to plead and demonstrate the existence of a viable cause of action under any of those statutes, we affirm.

I

FACTS AND PROCEEDINGS

As this appeal can be resolved purely on legal and procedural grounds, the facts underlying Washington's claim are not particularly relevant. Washington is a black former employee of Defendant-Appellee Louisiana Lottery Corporation (the Lottery), who was hired in 1991 as an administrative assistant in the public relations department. Washington's stint in that department was short-lived, however, because personality clashes quickly developed between her and the department head, Kerry Pourciau, who also is black. Pourciau notified Lottery officials that he was dissatisfied with Washington and requested that she be removed from the public relations department.

Washington was transferred to a new position in February 1992. Keith Shuford, the director of human resources, decided that the human resources and finance departments could use some extra help, so he created a new position for Washington as administrative assistant to both departments. The following autumn, Shuford asked Washington to prepare a set of written job descriptions for the various positions at the Lottery. In the course of doing so, Washington reviewed the existing grade levels and salary scales of all Lottery employees and came to the conclusion that black Lottery

2

employees were paid less than their white co-workers.

The events that followed are unclear, but we adopt Washington's version for the purposes of reviewing the district court's entry of summary judgment.[1] In early December, 1992, Washington completed her task of preparing the Lottery job descriptions. Then, on December 17, she and several other black employees met with Lottery officials to express concerns about the treatment of minority employees. Although Washington was not the person who requested the meeting, she presented a memorandum to everyone present in which she detailed the Lottery's compensation figures and argued that minorities were underpaid. That afternoon, Washington met with one of the Lottery officials, who assured her that no retribution would be forthcoming and told her that the Lottery officials would try to open lines of communication between employees and upper management.

On January 4, 1993, Shuford informed Washington that the new position he had created for her was no longer necessary because the human resources and finance departments did not have enough work to keep her busy. Shuford offered Washington a clerk position in the distribution center, promising that she would retain her current classification and salary even though the Lottery classifies the clerk position at a lower pay grade. Washington refused the offer, and her employment was terminated the following day.

---

[1] See Graham v. Amoco Oil Co., 21 F.3d 643, 648 n.2 (5th Cir. 1994); Teply v. Mobil Oil Corp., 859 F.2d 375, 377 (5th Cir. 1988).

Washington believes that the Lottery fired her in retaliation for expressing her belief that black Lottery employees are paid less than their white colleagues. She therefore filed this employment discrimination suit against the Lottery and the individual co-Defendants-Appellees Bonnie Fussell, Ken Brickman, Randy Davis, Gwen Hamilton, Daniel Kane, Keith Shuford, Karen Fournet, and Gerry Roy (collectively, the Employees).

Washington alleged in her pleadings that the defendants violated Title VII, § 1981, and § 1983 by failing to promote her, and eventually firing her, based on her race. She also alleged, pursuant to § 1983, that the defendants violated her First Amendment right to freedom of speech by firing her in retaliation for expressing her belief that the treatment of black Lottery employees was inferior to the treatment of white employees. Finally, she alleged, under § 1985, that the Employees conspired to violate her First Amendment right to freedom of speech.

The district court granted summary judgment for the defendants on each of Washington's claims. It rejected Washington's first claim -- that she was denied promotional opportunities and was later terminated based on her race -- because she failed to establish a prima facie case of discrimination.[2] Washington does

_____

[2] With respect to her claim for discriminatory failure to promote, Washington failed to offer evidence that she had been denied a promotion that was awarded to someone outside her protected class. Further, with respect to her discriminatory termination claim, Washington failed to offer evidence that the Lottery had filled her former position at all.

4

not take issue on appeal with the district court's dismissal of that claim.

The district court also rejected Washington's claims for retaliatory discharge under § 1983 and for conspiracy under § 1985 because neither the Lottery, which is a state agency, nor the Employees while acting in their official capacities, are "persons" against whom recovery is available under § 1983 or § 1985. Washington now appeals only the district court's dismissal of her § 1983 retaliation and § 1985 conspiracy claims.[3]

II

ANALYSIS

A. STANDARD OF REVIEW

We review summary judgments de novo, applying the same standard as the district court.[4] Summary judgment is proper if the pleadings and the summary judgment record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[5] A dispute about a material fact is "genuine" if the evidence is such that a

---

[3] See Matter of Texas Mortgage Servs. Corp., 761 F.2d 1068, 1073 (5th Cir. 1985) (holding that issues not raised on appeal in the brief of the Appellant are considered waived and cannot be noticed or entertained by the Court of Appeals).

[4] Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989).

[5] See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2545, 91 L.Ed.2d 265 (1986).

reasonable jury could return a verdict for the nonmoving party.[6] In making our determination, we must draw all justifiable inferences in favor of the nonmoving party.[7]

B.   THE RETALIATION CLAIM

1.   Title VII and § 1981

At the district court level, Washington failed to allege a retaliation claim against the defendants under either Title VII or § 1981.  Instead, her complaint cited Title VII and § 1981 only with respect to the Lottery's alleged discrimination in failing to promote her and later terminating her employment.  Washington does not appeal the district court's dismissal of these discriminatory acts claims; instead, on appeal, Washington attempts to argue the applicability of Title VII and § 1981, in addition to § 1983, in the context of her retaliation claim.  As Washington cannot assert a new claim for the first time on appeal, we need not consider the possible merits of her argument.[8]  Having thus implicitly waived retaliation under Title VII and § 1981, Washington's retaliation claim must either stand or fall in the context of § 1983 alone.

---

[6]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

[7]   Anderson, 477 U.S. at 255, 106 S.Ct. at 2513.

[8]   See Savers Federal Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989); McDonald v. Board of Mississippi Levee Comm'rs, 832 F.2d 901, 909 (5th Cir. 1987).

2.    Section 1983

Washington concedes that the Lottery is not a "person" for purposes of ascribing liability under § 1983.[9]  Instead, she focuses her argument on the Employees, whom she insists she sued in both their official and individual capacities.  Her insistence to the contrary notwithstanding, we are convinced from our review that Washington never sued the Employees in their individual capacities. Washington fails to identify, and we are unable to locate on our own, any indication in the record that she sued the Employees in their individual capacities.  In fact, the defendants noted in their motion for summary judgment that they had been sued by Washington only in their official capacities, which Washington confirmed in her response, "Plaintiff in the case before the Bar has indeed filed her action against the corporate entity as well as the named individuals in their official capacities."[10]  Washington went on to indicate repeatedly in her response to the defendants' summary judgment motion that she was seeking to establish liability against the Employees only in their official capacities.[11]

We have not held expressly that a plaintiff's complaint must state or clearly indicate in precisely which capacity a public

_____

[9]   See Will v. Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

[10]  Memorandum in Support of Plaintiff's Response in Opposition to Motion for Summary Judgment at 9.

[11]  Id. at 9-10.

official is being sued; nevertheless, Washington cannot be heard to declare in the district court that she has <u>not</u> sued the Employees in their individual capacities and then, after she loses at the trial court level, state the exact opposite on appeal. Washington's allegations against the Employees are expressly premised on their official activities as employees of the Lottery. Therefore, recovery against the Employees must be in their official capacities or not at all.[12]

Alternatively, Washington seeks to persuade us that she has indeed stated a viable § 1983 claim against the Employees in their official capacities because their actions do not entitle them to qualified immunity. Washington misunderstands the law. A public official sued in his <u>individual</u> capacity is entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the defendant violated clearly established constitutional law.[13] In contrast, a suit against a public official in his <u>official</u> capacity is deemed to be a suit against the entity.[14] As Washington concedes (and Supreme Court precedent clearly dictates) that there is no basis for § 1983 liability

---

[12] See <u>Harvey v. Blake</u>, 913 F.2d 226 (5th Cir. 1990).

[13] See, e.g., <u>Burns-Toole v. Byrne</u>, 11 F.3d 1270, 1273 (5th Cir.), <u>cert. denied</u>, --U.S.--, 114 S.Ct. 2680, 129 L.Ed.2d 814 (1994); <u>Saldana v. Garza</u>, 684 F.2d 1159, 1162 (5th Cir. 1982), <u>cert. denied</u>, 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983).

[14] <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

against the Lottery itself, there can be none against its employees in their official capacities.

D.    THE CONSPIRACY CLAIM

Finally, regardless of whether some combination of the Lottery and the Employees in fact retaliated against Washington, her conspiracy claim is meritless.  As the district court correctly determined, neither the Lottery nor its Employees, while acting in their official capacities, are "persons" under § 1985.  Even if that were not so, to state a conspiracy claim under § 1985, Washington would have to show evidence that a conspiracy existed. As the term suggests, a conspiracy requires the involvement of two or more persons,[15] and as the employees of an entity are not considered to be "persons" separate from such entity for conspiracy purposes,[16] Washington could not and has not stated a claim cognizable under § 1985.

III

CONCLUSION

For the reasons set forth above, the summary judgment granted by the district court is

AFFIRMED.

---

[15]    See Hilliard v. Ferguson, 30 F.3d 649, 652 (5th Cir. 1994); Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994).

[16]    Hilliard, 30 F.3d at 653.

9